UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2005-3 MORTGAGE LOAN ASSET BACKED NOTES, SERIES 2005-3, <br><br>  Plaintiff, <br><br> v. <br><br> TERRY L. BOLIARD, UNITED STATES INTERNAL REVENUE SERVICE, and VICKIE M. BOLIARD, <br><br>  Defendants. | No.  12-CV-3298 |

## OPINION CONFIRMING SALE

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Plaintiff's Motion for Order Approving the Report of Sale and Distribution and Granting Possession and for a Personal Deficiency Judgment (d/e 22).  This Court entered a Judgment of Foreclosure for the property 882 North 1700 East Road, Owaneco, Illinois 62555 on April 2, 2013 (d/e 13).  The Court

appointed the U.S. Marshal to sell the property.  The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court.  The Court, having reviewed the relevant materials, finds as follows:

1.   The common address and legal description of the real estate at issue:

882 North 1700 East Road, Owaneco, Illinois 62555

THE SOUTHWEST QUARTER (SW ¼) OF THE NORTHWEST QUARTER (NW ¼) OF THE NORTHWEST QUARTER (NW ¼), EXCEPT THE SOUTH 250 FEET OF THE WEST 261.36 FEET THEREOF, IN SECTION 21, TOWNSHIP 12 NORTH, RANGE 1 WEST OF THIRD PRINCIPAL MERIDIAN, CHRISTIAN COUNTY, ILLINOIS

Document No. 2005R03768

2.   A notice required in accordance with 735 ILCS 5/15-1507(c) and 28 U.S.C. § 2002 was given;

3.   The terms of sale were fair and not unconscionable;

4.   The sale was conducted fairly and without fraud;

5.   Justice was done by the sale;

6.   All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

7.   This Court obtained personal jurisdiction over Terry L.

        Boliard, who is personally liable to Plaintiff for the deficiency from the sale.

8. The total amount due by Defendants under judgment is $111,055.42.

9. Defendants additionally owe $26,264.68 in interest from date of judgment, $1550.00 in attorney's fees, $731.00 in foreclosure expenses, $733.00 in publication costs, $1,763.35 in sale commission, and $130.00 in sale costs.

10. The total proceeds of the sale were $101,000.

11. The sale has resulted in a deficiency of $41,227.45.

**IT IS THEREFORE ORDERED:**

A. Plaintiff's Motion is GRANTED.

B. The U.S. Marshal's report of the sale is approved and the sale is confirmed;

C. A deficiency judgment be and the same is hereby entered in favor of Plaintiff, Deutsche Bank Trust Company Americas as Indenture Trustee for the Registered Holders of Saxon Asset Securities Trust 2005-3 Mortgage Loan Asset Backed Notes, Series 2005-3, and against Defendant, Terry L. Boliard, <u>in personam</u>, in the amount of $41,227.45, and that execution may issue in accordance with the law.

E. The U.S. Marshal is directed to issue a deed to the holder of the certificate of purchase, sufficient to convey title pursuant to 735 ILCS 15-1509(a).

F. The holder of the certificate of sale or deed issued pursuant to the Certificate shall be entitled to possession

    of the above-described real estate on the 31st day after entry of this order.

G.   The mortgagor (homeowner) has the right to possess the foreclosed premises for 30 days after entry of an order of possession in accordance with Section 15-1701(c) of the Illinois Mortgage Foreclosure Law.

    (1) On the 31st day after entry of this order, the defendant mortgagor and all persons claiming through the defendant mortgagor shall have removed themselves and their belongings and property from this mortgaged real estate and shall peaceably surrender possession of said property to the purchaser of this property or the assignee of said purchaser.

    (2) If any persons referenced in the above subparagraph remain on said premises on or after the 31st day following the approval of the judicial sale of this mortgaged real estate, the U.S. Marshal, without further court order, is hereby directed and ordered as soon as practicable thereafter to use any and all necessary reasonable force to enter the above-described mortgaged premises, including any outbuildings and vehicles located thereon, and to remove all occupants located thereon, who are present on the premises and who refuse to vacate immediately and voluntarily at the U.S. Marshal's direction; in addition, any and all personal property left on the mortgaged premises by the defendant mortgagor and/or any and all other persons having left said property, is hereby declared forfeited to the United States. If the U.S. Marshal determines that the above-described personal property to be without value or of di minimus value that would neither exceed nor equal the costs of notice, storage and

sale, the U.S. Marshal may leave the personal property, at his discretion, on the premises for the purchaser of this real estate to claim, or dispose of, at will.

Upon taking possession and custody of the premises, and removing all occupants who are unauthorized to remain on the premises, the U.S. Marshal is then hereby directed to remit possession and custody of the premises to the purchaser of said property at the sale judicially approved by this Court.

H.  There is no just reason to delay enforcement of or appeal from this final order.

ENTER: October 28, 2016

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
